NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RONALD KEITH WATKINS,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2022-2085

---

Petition for review of the Merit Systems Protection Board in No. DC-0831-16-0353-I-1.

---

Decided: September 14, 2023

---

RONALD KEITH WATKINS, Silver Spring, MD, pro se.

DANIEL HOFFMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by REGINALD THOMAS BLADES, JR., BRIAN M. BOYNTON, PATRICIA M. MCCARTHY.

---

Before TARANTO, STOLL, and CUNNINGHAM, *Circuit Judges.*

CUNNINGHAM, *Circuit Judge.*

Ronald Keith Watkins petitions for review of a Merit Systems Protection Board ("Board") decision affirming a final decision of the Office of Personnel Management ("OPM") finding that Mr. Watkins was ineligible for an immediate retirement annuity under the Civil Service Retirement System. *Watkins v. Off. of Pers. Mgmt.*, No. DC-0831-16-0353-I-1, 2016 WL 3988775 (M.S.P.B. July 20, 2016) ("*Decision*") (App. 1–13).[1]  We *affirm*.

## I.    BACKGROUND

Mr. Watkins held a series of appointed positions with the government of the District of Columbia. *Decision* at 2. He first began working for the government on November 10, 1981, and resigned on September 16, 1983. *See* App. 55; *Watkins v. Off. of Pers. Mgmt.*, No. DC-0831-16-0353-I-1 (M.S.P.B.) ("M.S.P.B. Appeal R."), Tab 18 at 35 (OPM's certified Individual Retirement Record for Mr. Watkins).[2] Later rejoining the government, Mr. Watkins was appointed to another position with the government of the District of Columbia on November 11, 1984, where he worked until his resignation on June 14, 1985. *See* App. 55; M.S.P.B. Appeal R., Tab 18 at 34 (Individual Retirement Record).  Mr. Watkins's third and final position with the government started on September 2, 1986, and ended on

---

[1]  "App." citations in this opinion refer to the appendix filed by Respondent.  Moreover, because the reported version of the Board's decision is not paginated, citations in this opinion are to the version of the Board's decision included in the appendix.  For example, *Decision* at 1 is found at App. 1.

[2]  Because the parties did not include certain relevant materials from the underlying record in the appellate record, we have cited to such materials from the underlying record where appropriate.

February 7, 2003, when he was terminated by the District of Columbia Department of Corrections. *See* M.S.P.B. Appeal R., Tab 18 at 31, 33 (Individual Retirement Record); *Decision* at 2.

After his termination, Mr. Watkins successfully brought suit in the Superior Court of the District of Columbia concerning certain protected whistleblower disclosures. *See Decision* at 2; App. 38–39. The trial court awarded Mr. Watkins back pay with interest from the date of his termination on February 7, 2003, until the date of the trial court's hearing on May 5, 2004, and awarded him "front pay, in lieu of reinstatement, in the amount equivalent to (18) months salary, with interest . . . from May 5, 2004," *i.e.*, front pay until November 6, 2005. *See* M.S.P.B. Appeal R., Tab 18 at 18–20; *see also Watkins v. District of Columbia*, 944 A.2d 1077, 1078–85 & n.2 (D.C. Cir. 2008); App. 55. The District of Columbia Court of Appeals affirmed the trial court's judgment. *Watkins*, 944 A.2d at 1078–85.

In 2013 and 2014, Mr. Watkins submitted requests for an immediate retirement annuity under the Comprehensive Merit Personnel Act with the District of Columbia Department of Human Resources and the District of Columbia Department of Corrections. *See* App. 34; *Decision* at 2. On January 6, 2015, the Superior Court of the District of Columbia dismissed Mr. Watkins's action for lack of jurisdiction. *See* App. 33–35. Because Mr. Watkins was first employed by the government of the District of Columbia prior to October 1, 1987, his request was governed by the Civil Service Retirement System, not the Comprehensive Merit Personnel Act. *See* App. 34–35. The trial court instructed Mr. Watkins to "file his request for immediate retirement pursuant to 5 U.S.C. § 8336 with the Office of Personnel Management pursuant to that agency's regulatory authority." App. 35. The District of Columbia Court of Appeals affirmed the trial court's decision. *See* App. 36–37.

Mr. Watkins submitted an Application for Immediate Retirement under the Civil Service Retirement System with OPM on August 20, 2015. *See* App. 49–53. OPM denied Mr. Watkins's application and his reconsideration request. *See* App. 54–57. OPM explained that agency records indicated that on the date of his separation from service on November 6, 2005, Mr. Watkins was forty-eight years old and accrued twenty-one years, seven months, and sixteen days of creditable service time, such that he did not meet the immediate retirement requirements under 5 U.S.C. § 8336. *See id.*

On February 15, 2016, Mr. Watkins appealed OPM's final decision to the Board. *See* App. 59–92. In an initial decision, the administrative judge affirmed OPM's final decision. *See Decision* at 1–13. The administrative judge found that OPM correctly determined that Mr. Watkins was not an "employee" for retirement credit purposes under the requirements of 5 U.S.C. § 2105(a) beyond the November 6, 2005 separation date listed in his Individual Retirement Record. *See id.* at 4–7. The administrative judge concluded that OPM correctly determined that Mr. Watkins did not meet the age or creditable service time requirements at the time of his November 6, 2005 separation date to qualify for immediate retirement under 5 U.S.C. § 8336. *See id.* at 3–7.

Mr. Watkins filed a petition for review of the administrative judge's initial decision, which the Board denied. *See* App. 14–25. The administrative judge's initial decision became the Board's final decision under 5 C.F.R. § 1201.113(b). *See* App. 15. Mr. Watkins now appeals from the final decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II.   DISCUSSION

We set aside a Board decision only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures

required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also Standley v. Dep't of Energy*, 26 F.4th 937, 942 (Fed. Cir. 2022), *cert. denied*, 142 S. Ct. 2873 (2022). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Standley*, 26 F.4th at 942 (citation omitted). Mr. Watkins has the burden of proving that he is entitled to retirement benefits. *See* 5 C.F.R. § 1201.56(b)(2)(ii); *see also Cheeseman v. Off. of Pers. Mgmt.*, 791 F.2d 138, 141 (Fed. Cir. 1986), *cert. denied*, 479 U.S. 1037 (1987).

Because Mr. Watkins was first employed by the government of the District of Columbia on November 10, 1981, App. 55, his request for an immediate retirement annuity is governed by the Civil Service Retirement System. *See* 5 U.S.C. § 8331(1)(G) (extending Civil Service Retirement System coverage to "individual[s] first employed by the government of the District of Columbia before October 1, 1987"); *Muwwakkil v. Off. of Pers. Mgmt.*, 18 F.3d 921, 922 & n.2 (Fed. Cir. 1994) (explaining that an "employee of the government of the District of Columbia" who was employed prior to October 1, 1987, was "eligible for participation" "in the federal Civil Service Retirement System." (citing 5 U.S.C. § 8331(1)(G))).

Section 8336 of Title 5 of the United States Code provides that an employee is eligible for immediate retirement if, on the date of his or her separation from service, the employee is (1) at least fifty-five years old with thirty years of service, (2) at least sixty years old with twenty years of service, or (3) at least fifty years old with twenty years of service as a law enforcement officer, firefighter, nuclear materials courier, or customs and border protection officer, or any combination of such service totaling at least twenty

years.  5 U.S.C. § 8336(a)–(c)(1);[3] *see also Nebblett v. Off. of Pers. Mgmt.*, 237 F.3d 1353, 1354–55 (Fed. Cir. 2001); *Lengerich v. Dep't of Interior*, 454 F.3d 1367, 1367–68 (Fed. Cir. 2006).  In order to be considered an "employee" for civil service retirement credit purposes, the individual must have been (1) appointed in the civil service by a federal official acting in his or her official capacity; (2) engaged in the performance of a federal function under authority of law or an Executive act; and (3) subject to the supervision of the federal official while engaged in the performance of the duties of his or her position.  *See* 5 U.S.C. § 2105(a);[4] *Horner v. Acosta*, 803 F.2d 687, 691 (Fed. Cir. 1986).  All three elements must be met.  *Horner*, 803 F.2d at 691.

At issue in this appeal is whether Mr. Watkins was an "employee" according to 5 U.S.C. § 2105(a) after November 6, 2005—the termination date listed on Mr. Watkins's Individual Retirement Record and therefore the date that OPM and the Board used to calculate Mr. Watkins's age and creditable service time for immediate retirement under 5 U.S.C. § 8336.  *See Decision* at 3–7; App. 54–57; M.S.P.B. Appeal R., Tab 18 at 30.  On appeal, Mr. Watkins contends that the termination date on the Individual Retirement Record is incorrect because he was employed after November 6, 2005, until the present,[5] and therefore meets

---

[3]   5 U.S.C. § 8336 identifies other combinations of age and service requirements not relevant to this appeal.

[4]   The term "employee" for this purpose is defined in 5 U.S.C. § 8331(1)(A) by reference to 5 U.S.C. § 2105.

[5]   Mr. Watkins argues on appeal that he has been employed by the government of the District of Columbia from November 6, 2005 "to this very date," Pet'r's Suppl. Opening Br. 8, but argued before OPM and the Board that his separation date was August 20, 2015.  *See* App. 49, 61.  This difference in dates is insignificant because we find that Mr. Watkins was not employed beyond November 6, 2005.

the age and creditable service time requirements for immediate retirement under 5 U.S.C. § 8336. *See* Pet'r's Suppl. Opening Br. 3–4, 8–10. In support, Mr. Watkins raises three main arguments, all of which concern the legal effect of certain court decisions. We find Mr. Watkins's arguments unpersuasive and address each in turn.

First, Mr. Watkins contends that the 2015 decisions of the Superior Court of the District of Columbia and the District of Columbia Court of Appeals ordered OPM to grant Mr. Watkins's request for immediate retirement, and OPM—and now the Board—defied the orders. *See* Pet'r's Suppl. Opening Br. 3–4, 6–9; Pet'r's Reply Br. 1–2, 5–6, 13–14. We disagree. As the Board correctly found, the 2015 decisions did not contain such an order. *See Decision* at 4–5. Rather, the Superior Court of the District of Columbia and the District of Columbia Court of Appeals explained that Mr. Watkins's retirement request was governed by the Civil Service Retirement System, not the Comprehensive Merit Personnel Act, and simply instructed Mr. Watkins to instead file his request with OPM, which had the relevant regulatory authority. *See* App. 34–35 (Trial court instructing Mr. Watkins to "file his request for immediate retirement pursuant to 5 U.S.C. § 8336 with the Office of Personnel Management pursuant to that agency's regulatory authority."), 36–37 (District of Columbia Court of Appeals explaining that Mr. Watkins "may pursue relief before the Office of Personnel Management."). Neither court assessed the merits of Mr. Watkins's immediate retirement request under 5 U.S.C. § 8336 because neither court had jurisdiction to do so. Accordingly, the Board did not err in finding that the Superior Court of the District of Columbia and the District of Columbia Court of Appeals "d[id] not direct OPM to provide [Mr. Watkins] with an immediate annuity." *Decision* at 5.

Second, Mr. Watkins contends that the decisions addressing his whistleblower case and awarding him damages, back pay, and front pay "dictate[d] that [he] was not

terminated" after November 6, 2005, and was instead employed by the government of the District of Columbia "since September 2, 1986 [through the present] without separation." Pet'r's Reply Br. 6–8 (emphasis removed); *see also* Pet'r's Suppl. Opening Br. 2–10; Pet'r's Reply Br. 1–2, 13–14. Mr. Watkins argues that such decisions are entitled to preclusive effect. *See* Pet'r's Suppl. Opening Br. 4–10. Contrary to Mr. Watkins's assertions, the decisions addressing his whistleblower case did not deem his employment as continuing beyond November 6, 2005. Indeed, as the Board correctly determined, these decisions found the opposite. *See Decision* at 6. In his whistleblower case, the Superior Court of the District of Columbia initially ordered that Mr. Watkins be reinstated to his former position and be awarded back pay with interest. *See* M.S.P.B. Appeal R.*,* Tab 2 at 7–8 (trial court's January 28, 2004 order). However, the trial court later specifically rescinded that reinstatement order and awarded Mr. Watkins "front pay, *in lieu of reinstatement*, in the amount equivalent to (18) months salary, with interest . . . from May 5, 2004," *i.e.*, front pay until November 6, 2005. *See* M.S.P.B. Appeal R., Tab 18 at 19 (trial court's August 2, 2004 order) (emphasis added); *see also Watkins*, 944 A.2d at 1080 & n.2. The trial court's judgment was later affirmed by the District of Columbia Court of Appeals. *See Watkins*, 944 A.2d at 1080–85 (emphasis added). These decisions make clear that Mr. Watkins was not reinstated to his former position with the District of Columbia Department of Corrections. Rather, Mr. Watkins was awarded 18 months of front pay, terminating on November 6, 2005. *See* M.S.P.B. Appeal R., Tab 18 at 30 (Individual Retirement Record listing Mr. Watkins's termination date as November 6, 2005). We therefore agree with the Board's interpretation of these decisions.

Third, Mr. Watkins contends that a related decision issued by this court "dictate[d] that [he] was not terminated" after November 6, 2005, and that this decision is entitled

to preclusive effect.  Pet'r's Reply Br. 8 (emphasis removed); *see also* Pet'r's Suppl. Opening Br. 2–10; Pet'r's Reply Br. 9–14.  The related decision, on which Mr. Watkins relies, concerns the same claim for immediate retirement at issue in this appeal.  *See Watkins v. Merit Sys. Prot. Bd.*, 737 Fed. App'x 996, 997 (Fed. Cir. 2018).  While Mr. Watkins's petition for review of the administrative judge's decision was still pending, OPM issued a second initial decision denying Mr. Watkins's same claim for immediate retirement.  *Id.*  However, upon realizing that its decision was duplicative of its first initial decision, OPM rescinded its second initial decision.  *Id.*  Mr. Watkins nonetheless appealed from OPM's second initial decision, but the administrative judge dismissed the appeal because the appealed decision was duplicative and not final.  *Id.*  When Mr. Watkins filed an appeal of the decision with this court, this court affirmed the Board's decision.  *Id.* at 996–98.  Notably, nowhere in this court's decision does it conclude that Mr. Watkins was employed beyond November 6, 2005.

Accordingly, Mr. Watkins has failed to show error in finding that he was terminated by November 6, 2005.  *See Decision* at 5–7.  Substantial evidence supports the finding that, after November 6, 2005, "[t]here is no evidence in the record that [Mr. Watkins] engaged in the performance of a [f]ederal function under authority of law or an executive act . . . nor is there any evidence to indicate that he was under the supervision of a named [f]ederal (or DC Government) official"—both of which are required to be considered an "employee" for civil service retirement credit purposes under 5 U.S.C. § 2105(a).  *See id.* at 5–6; *see also Horner*, 803 F.2d at 691.  Consequently, the Board did not err in finding that Mr. Watkins failed to perform creditable service after November 6, 2005, and therefore did not err in using this date to calculate Mr. Watkins's age and creditable service time for immediate retirement under 5 U.S.C. § 8336.

OPM found, and the Board agreed, that at the time of Mr. Watkins's separation from service on November 6, 2005, Mr. Watkins—born in August 1957—was forty-eight years old and accrued twenty-one years, seven months, and sixteen days of creditable service time. *See* App. 54–57; *Decision* at 2, 7. Accordingly, he did not meet the age and creditable service time requirements for immediate retirement entitlement under 5 U.S.C. § 8336. Mr. Watkins does not raise any challenge to this finding other than his failed challenge concerning the separation date. However, even if Mr. Watkins did raise such a challenge, we conclude that the Board did not err in affirming OPM's decision and that substantial evidence supports the findings with respect to Mr. Watkins's age and creditable service time. *See Decision* at 7; App. 54–57. Because Mr. Watkins did not meet the age or creditable service time requirements on November 6, 2005, we conclude that the Board did not err in finding that Mr. Watkins was not eligible for immediate retirement under 5 U.S.C. § 8336.

## III.    CONCLUSION

We have considered Mr. Watkins's remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm* the Board's final decision.

## AFFIRMED